# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RITA A. COGSWELL,**

**Plaintiff,**

**-vs-** **Case No. 6:10-cv-564-Orl-31DAB**

**SHERIFF ROBERT E. HANSELL, OSCEOLA CORRECTIONAL FACILITY, SHERIFF DEPUTY KEITH EDEN, JOHN MOORE a/k/a Joe's Auto Salvage and JAMES MOORE a/k/a Joe's Auto Salvage,**

**Defendants.**

---

# ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint (Doc. 30) filed by Defendants Sheriff Robert E. Hansell ("Hansell") and Deputy Keith Eden ("Eden"), as well as this Court's Order to Show Cause (Doc. 35). The Plaintiff, Rita A. Cogswell ("Cogswell"), has filed a response (Doc. 31) to the Motion to Dismiss. Cogswell also filed a document (Doc. 36) which might have been intended as a response to the Order to Show Cause, but it was stricken (Doc. 37).[1]

Both Eden and Hansell complain that the Amended Complaint violates Federal Rule of Civil Procedure 8, in that it does not contain a "short and plain statement of the claim" showing that Cogswell is entitled to relief. Cogswell does not respond specifically to this contention,

---

[1]Although the document was stricken, the Court has reviewed it, and it did not provide a substantive response to the issue raised in the Order to Show Cause.

choosing instead to reiterate her substantive claims. After reviewing the Amended Complaint, the Court finds that Eden and Hansell are correct. The Amended Complaint contains numerous assertions, but it is impossible in most cases to discern which acts Cogswell seeks to remedy by way of this suit, which laws or constitutional provisions those acts allegedly violated, and which person or persons committed those acts or should be held responsible for them. The Court will grant this portion of the motion.

Eden also contends he was served with process by Cogswell herself – a violation of Federal Rule of Civil Procedure 4(c)(2), which requires that service be accomplished by someone who is not a party to the suit.[2] In her response, Cogswell contends that Eden was properly served, but provides no evidence in support – no affidavit of service, not even the name of the person or agency that accomplished service on her behalf. (Doc. 31 at 6). The record supports Eden's contention. *See* Doc. 6. However, the granting of the motion to dismiss for violation of Rule 8 renders this portion of the motion moot.

Finally, Eden argues that he is entitled to qualified immunity as to all of the allegations against him. Eden's arguments appear to be meritorious. However, the Amended Complaint is too disjointed to permit the Court to accurately assess those arguments, and this portion of the motion will be denied without prejudice.

---

[2]Defendants Joe's Auto Service Center, Inc. (improperly denominated in the complaint as "Joe's Auto Salvage"), John Moore and Joe Moore also contend that they were improperly served by Cogswell herself. However, their Motion to Dismiss (Doc. 13) based on this assertion was dismissed (Doc. 27) when Cogswell filed an amended complaint (Doc. 23). Though that dismissal was without prejudice, they have not filed another motion to dismiss. In addition, Cogswell has not shown that purported Defendant "Osceola Correctional Facility" is a legal entity capable of being sued. *See* Doc. 19.

On July 14, 2010, the Court ordered Cogswell to show cause why this case should not be dismissed for failure to file a Case Management Report within the time prescribed by Local Rule 3.05. (Doc. 35). Cogswell has not provided an explanation for her failure to file the CMR. This failure requires dismissal of the remaining claims for failure to prosecute.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Amended Complaint (Doc. 30) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as it seeks dismissal for failure to comply with Rule 8, and the claims against Defendants Eden and Hansell are therefore **DISMISSED WITHOUT PREJUDICE**. Insofar as the motion seeks dismissal of the claims against Deputy Eden for improper service, it is **DENIED AS MOOT**, and insofar as it seeks dismissal of those claims on the grounds of qualified immunity it is **DENIED WITHOUT PREJUDICE**. In all other respects, the Motion is **DENIED**. And it is further

**ORDERED** that the remainder of the Amended Complaint (Doc. 30) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 2, 2010.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party